```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

```
MARTIN DAILEY,                    §
                                  §
     Plaintiff,                   §
                                  §
v.                                §    CIVIL ACTION NO. H-12-3027
                                  §
SHINTECH INC., and                §
MICHELLE HICKNER                  §
                                  §
     Defendants.                  §
```

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendants' Motion to Dismiss and for Judgment on the Pleadings (Doc. 13).[2] The court has considered the motion, the response and reply, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

### I. Case Background

Plaintiff Martin Dailey ("Dailey") filed this employment discrimination action against his former employer, Shintech Inc. ("Shintech"), and its employee, Michelle Hickner ("Hickner"). In his original complaint, Plaintiff presented federal claims of

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure (Rule) 72. Doc. 27.

[2] Because the same standard is used in considering motions to dismiss for failure to state a claim under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), the court treats Defendants' motion simply as a motion to dismiss under Rule 12(b)(6). See Gentilello v. Rege, 627 F.3d 540, 543-44 (5th Cir. 2010).

discrimination and retaliation in violation of 42 U.S.C. § 1981 and a state law claim of defamation.[3] Plaintiff, an African-American, alleged that a series of adverse actions taken against him by Defendants were motivated by race and in retaliation for his complaints of discrimination.[4] Plaintiff also alleged that Defendant Hickner made defamatory statements in a termination letter given to Plaintiff on July 5, 2011.[5] Plaintiff sought compensatory and exemplary damages, costs, and attorney's fees.[6]

Defendants filed answers on December 21, 2012, and filed the pending motion to dismiss Plaintiff's defamation claim on January 28, 2013.[7] Plaintiff filed his response to Defendants' motion on February 17, 2013, and Defendants filed a reply on February 21, 2013.[8] Plaintiff filed an amended complaint on April 26, 2013, adding a claim under Title VII, in addition to expanding on a paragraph in the statement of facts section and making minor edits.[9] The court considers Defendants' motion to dismiss in light

---

[3]   Doc. 1, Pl.'s Orig. Compl. pp. 1-2.

[4]   Id. pp. 2, 8-9.

[5]   Id. pp. 8-11.

[6]   Id. pp. 11-12.

[7]   Doc. 5, Def. Hickner's Answer; Doc. 6, Def. Shintech's Answer; Doc. 13, Defs.' Mot. to Dismiss.

[8]   Doc. 14, Pl.'s Resp. to Defs.' Mot. to Dismiss;  Doc. 16, Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss.

[9]   Doc. 17, Pl.'s 1st Am. Compl.  Although it appears from the record that Plaintiff failed to comply with Rule 15 in filing his amended complaint, Defendants have not objected, and the court deems it properly filed.

of Plaintiff's amended complaint.

## II. Dismissal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

## III. Analysis

Defendants argue that dismissal is proper because Plaintiff

has failed to allege facts sufficient to state a claim for defamation. To establish a cause of action for defamation under Texas law, a plaintiff who is a private individual must show that the defendant: "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting negligently with regard to the truth of the statement." Nasti v. CIBA Specialty Chem. Corp., 492 F.3d 589, 596 (5th Cir. 2007) (citing WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998)). Defamation claims must also "specifically state the time and place of the publication." Watkins v. Tex. Dep't of Crim. J., 269 F. App'x 457, 465 (5th Cir. 2008) (unpublished) (internal quotation marks omitted) (citing Jackson v. Dallas Indep. Sch. Dist., No. 3:98-CV-1079, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998), aff'd, 232 F.3d 210 (5th Cir. 2000)). A statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury or to impeach that person's honesty, integrity, or virtue. Abbott v. Pollock, 946 S.W.2d 513, 519 (Tex. App.—Austin 1997, writ denied).

Plaintiff's amended complaint alleged that Defendant Hickner made defamatory statements about Plaintiff by claiming in the termination letter that he "had been counseled repeatedly concerning his inability to work with others and professionalism in the workplace" and that he had "threatened bodily injury to another

4

employee."[10]  Plaintiff asserted that these claims were "false and misleading and contained false and inflammatory information."[11] Instead of contending that Defendants published these defamatory statements, Plaintiff argued that Defendants are liable under a theory of self-publication because, "Defendant[s] knew or should have known that compelled self-publications would occur when the Plaintiff . . . would be required to tell all prospective employers about the allegedly defamatory reason for his termination."[12]

These allegations are insufficient to factually support a cause of action for defamation.  The amended complaint did allege that Defendants made defamatory statements about Plaintiff, but it offered no information regarding the time and place of publication, other than to suggest that Plaintiff may have disclosed the statements to prospective employers.

Were this the sole basis on which to grant Defendants' motion, the court would give Plaintiff the opportunity to amend his complaint so as to overcome the deficiency.  However, Plaintiff also relies on a misunderstanding of the requirements of self-publication under Texas law.  To make out a claim for defamation under a self-publication theory, "a plaintiff must believe the statement was in fact true at the time [he] disclosed it."  <u>Ameen</u>

---

[10]  <u>Id.</u> p. 7.

[11]  <u>Id.</u> p. 10.

[12]  <u>Id.</u> pp. 10-11.

v. Merck & Co., Inc., 226 F. App'x 363, 371 (5th Cir. 2007) (unpublished); see also Martineau v. ARCO Chem. Co., 203 F.3d 904, 914 (5th Cir. 2000) (discussing Texas law).

The facts as set forth in the amended complaint do not allow the court to reasonably draw the inference that Plaintiff was unaware of the defamatory nature of the statements contained in the termination letter if and when he disclosed them to prospective employers. Plaintiff's amended complaint did not assert that he was initially unaware of the false nature of these claims or offer an explanation for how he could have been so unaware. Plaintiff instead argued incorrectly that he may recover despite having been aware of the statements' defamatory nature at the time of any self-publication.[13] Plaintiff maintains this position in his response to Defendants' motion to dismiss.[14] The facts pled in Plaintiff's amended complaint, even assuming the allegedly defamatory remarks were disclosed to prospective employers, do not make out a plausible claim of self-publication as a matter of law. Accordingly, Plaintiff's claim falls short of the federal pleading standard and is subject to dismissal under Rule 12(b)(6). Moreover, the court finds this defect to be incurable given the facts pled by Plaintiff.

### IV. Conclusion

---

[13] Doc. 17, Pl.'s 1st Am. Compl. pp. 10-11.

[14] Doc. 14, Pl.'s Resp. to Defs.' Mot. to Dismiss p. 9.

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's defamation claim be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 30th day of August, 2013.

Nancy K. Johnson
United States Magistrate Judge